IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BRITT SMITH**                                                                                  **PLAINTIFF**

vs.                                              No. 5:16-cv-37

**SUPREME SERVICE &**                                                             **DEFENDANT**
**SPECIALTY COMPANY, INC.**

## ORIGINAL COMPLAINT

COMES now Plaintiff Britt Smith, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint against Defendant Supreme Service & Specialty Company, Inc. (hereinafter "Supreme" or "Defendant"), and in support thereof he does hereby state and allege as follows:

**I.**

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's policy and practice of failing to pay Plaintiff overtime compensation for the hours in excess of forty hours in a single week that he was made to work.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the

FLSA as described, infra.

## II.

## THE PARTIES

3. Plaintiff Britt Smith is a resident and citizen of Bossier Parish, Louisiana.

4. Smith was employed by Defendant as a Pump Supervisor from January of 2013 through October of 2014.

5. At all times relevant hereto Smith was misclassified as exempt from overtime wages and paid a salary.

6. Supreme Service & Specialty Company, Inc., is a for-profit, foreign corporation organized in the State of Louisiana, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

7. Defendant has annual gross revenues exceeding $500,000.00.

8. Supreme Service & Specialty Company, Inc. can be served through its registered agent for service of process: Ross Spence at Snow Fogel Spence, LLP, 2929 Allen Parkway, Suite 2800, Houston, Texas 77019.

9. Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

## III.

## JURISDICTION AND VENUE

10. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

11. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Plaintiff worked for Defendant in this district.

## IV.

## FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

13. Plaintiff was an employee of Supreme within the last three years. Plaintiff was misclassified as salaried employee during that time period.

14. Upon commencement of work at Supreme, Plaintiff did not sign any contract of employment setting forth his hours or wages.

15. His annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

16. In performing his services for Supreme, Plaintiff was not required to utilize any professional education relevant to his job duties.

17. Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery, and not in an office.

18. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

19. Plaintiff did not select any employees for hire nor did he provide any training for any employee. Plaintiff had no ability to hire and fire any employee.

19. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

20. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

21. Similarly, Plaintiff did not have any responsibility for planning or controlling budgets.

22. On average, Plaintiff worked approximately 80 to 110 hours per week. He did not receive any overtime compensation.

23. Plaintiff did not receive overtime premiums for hours worked in excess of 40 in a workweek.

24. Plaintiff worked more than 40 hours in almost all workweeks during which he was employed by Defendant.

25. Plaintiff never agreed that his salary would be sufficient to cover all hours worked.

26. Defendant paid Plaintiff regular, non-discretionary bonuses for days on which he worked at an well site operating machines.

## V.

## CLAIM FOR RELIEF

27. Plaintiff repeats and re-allege all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

28. Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

29. Defendant deprived Plaintiff of overtime compensation for all of the hours

over forty (40) per week in violation of the FLSA.

30. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

31. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

32. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Britt Smith respectfully prays for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff and to the Court for all of the hours worked by Plaintiff and all monies paid to him;

(c) A declaratory judgment that Defendant practices as alleged herein violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF BRITT SMITH**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com